**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

NATE HIGGINS, on behalf of himself )
and all others similarly situated, )
)
      Plaintiff, )
)   Case No. 3:25-cv-1390-DWD
vs. )
)
THE MEN'S WEARHOUSE, LLC, )
)
      Defendant.

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant Men's Wearhouse, LLC's ("Men's Wearhouse")

Motion to Dismiss Plaintiff's Complaint. (Doc. 24). Plaintiff Nate Higgins ("Higgins")

seeks relief on behalf of himself and all others similarly situated against Men's Wearhouse

for the following claims: (1) violation of the Illinois Consumer Fraud and Deceptive

Business Practice Act ("ICFA") by means of unfair business practices, (2) violation of

ICFA by means of deception, and (3) unjust enrichment. For the reasons detailed below,

Defendant's motion is **DENIED**.

**BACKGROUND**

Plaintiff's Complaint (Doc. 1-2) sets forth the following allegations. Higgins rented

a tuxedo from Defendant Men's Wearhouse in November of 2024 at its location in

Edwardsville, Illinois. (Doc. 1-2, pg. 5). Included in Plaintiff's final cost to rent the tuxedo

was a charge for $12.00 that was labeled as a "Damage and Handling Fee" (the "D&H

Fee"). (Id., pgs. 3, 5). Higgins was presented a Rental Agreement that described the D&H

Fee as follows:

> A $12.00 non-refundable and mandatory Damage and Handling Fee is automatically added to your rental. This fee covers the cost of minor repairs to the rental, and the costs associated with inspection, quality control and processing of the rental. If we determine that a rental is damaged beyond repair, or a rental is not returned, you will also be charged the full replacement cost of the item(s).

(Id., pg. 23 (copy of rental receipt attached to Plaintiff's Complaint as Exhibit A)).

Plaintiff alleges that by charging the D&H Fee, Defendant has engaged in a deceptive and unfair business practice because (1) it constitutes the practice of insurance without a license, (2) the D&H fee exceeds the stated costs as a mechanism for Defendant to earn additional profit while presenting a lower price, (3) the fee's description falsely suggests that minor repairs must always be made upon return and that the fee covers "the cost of" those repairs, and (4) the fee is an "obscured double-dipping" charge because the purported costs covered by the D&H Fee are inherent to a tuxedo rental and would be expected to be included in the rental price itself. (Doc. 1-2, pgs. 3-4). Plaintiff alleges that Defendant intended that he rely on these alleged deceptive and unfair practices and that such practices would result in collection of the D&H Fee. (Id., pgs. 11-13, 15-16). Plaintiff alleges that he suffered ascertainable loss by overpaying for the tuxedo rental due to Defendant's alleged deceptive and/or unfair conduct. (Id., pgs. 13, 17).

Plaintiff initially filed his Complaint in Illinois state court on June 11, 2025. (Doc. 1). Defendant then timely removed the case to this Court. (Id.). Defendant has filed the

instant motion arguing for Plaintiff's Complaint (Doc. 1-2) to be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) allows challenges to a pleading based upon the failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To survive a Rule 12(b)(6) motion, which tests the sufficiency of the pleading but not its merits, the plaintiff must allege enough facts for the claim to be facially plausible. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There must be enough facts pled to draw inferences as to liability. *Fosnight*, 41 F.4th at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading need not allege "detailed factual allegations," but it must lift the claim above the speculative level. *Kloss*, 462 F. Supp. 3d at 876 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals," supported by conclusions, are insufficient. *Trivedi v. Wells Fargo Bank, N.A.*, 609 F. Supp. 3d 628, 631 (N.D. Ill. 2022) (quoting *Iqbal*, 556 U.S. at 678).

When ruling on motions to dismiss, courts accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Ent. Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). The Court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper

judicial notice," along with additional facts set forth in the plaintiff's briefing, "so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).

## ANALYSIS

The ICFA is "intended to protect consumers … against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). "Deceptive or unfair practices include any 'misrepresentation or the concealment, suppression or omission of any material fact." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting 815 ILL. COMP. STAT. § 505/2). To state a claim under the act, a plaintiff must plead that "(1) the defendant committed a deceptive or unfair act, (2) with the intent that others rely on the deception, (3) that the act occurred in the course of trade or commerce, and (4) it caused actual damages." *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 495 (7th Cir. 2025); *see also Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoting *Vanzant*, 934 F.3d at 736). Defendant contends in its motion that Plaintiff's Complaint fails to meet the first, second and fourth elements. (Doc. 25, pg. 9).

The initial question presented by Defendant's motion is whether Plaintiff's Complaint adequately alleges that Defendant committed a deceptive or unfair practice. Claims under the statute may be premised on either or, as is the case here, both. *Vanzant*, 934 F.3d at 736. "If the claim rests on allegations of deceptive conduct, then Rule 9(b) applies and the plaintiff must plead with particularity the circumstances constituting fraud. Specifically, the complaint must identify the 'who, what, when, where, and how'

4

of the alleged fraud." *Id.* (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)); *see also Wertymer*, 142 F.4th at 495. "On the other hand, Rule 9(b)'s heightened pleading standard does not apply to an allegation of unfair conduct, because fraud is not a required element under that branch of the statute." *Benson*, 944 F.3d at 646; *see also Vanzant*, 934 F.3d at 738-39.

Plaintiff's Complaint on its face makes plausible claims. It alleges that Defendant's charging of the D&H Fee is both deceptive and unfair. Starting with the former, "a practice is deceptive 'if it creates a likelihood of deception or has the capacity to deceive.'" *Benson*, 944 F.3d at 646 (quoting *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)). Courts analyze the likelihood of deception from the perspective of a reasonable consumer "in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005); *see also Kraft, Inc. v. Fed. Trade Comm'n*, 970 F.2d 311, 314 (7th Cir. 1992) ("[T]he determination of whether an [act] has a tendency to deceive is an impressionistic one more closely akin to a finding of fact than a conclusion of law.").

As mentioned above, Plaintiff's Complaint provides that Defendant's charging of the D&H Fee is a deceptive and unfair practice because (1) it constitutes the practice of insurance without a license of certification, (2) the D&H Fee exceeds the stated costs of "minor repairs to the rental and the costs associated with the inspection, quality control, and processing of this rental" and provides a mechanism to earn additional profit while presenting a lower sales price, (3) the description of the D&H Fee falsely suggests that minor repairs must always be made upon return and that the fee covers "the cost of" such

repairs, and (4) the D&H Fee is an "obscured double dipping" charge to the consumer who would otherwise expect such costs to be inherent to rental of a tuxedo and therefore included in the rental price. (Doc. 1-2, pgs. 3-5, 14-16). Defendant argues that these allegations are not sufficient to state a claim for deceptive conduct under the ICFA. (Doc. 25, pgs. 5-12).

First, Defendant argues that it is not practicing insurance by charging the D&H Fee. (Id., pgs. 5-9). Defendant relies on the state appellate court case *Griffin Sys., Inc. v. Washburn* to provide its definition of "insurance," which is provided as follows:

> (1) a contract or agreement between an insurer and an insured which exists for a specific period of time; (2) an insurable interest (usually property) possessed by the insured; (3) consideration in the form of a premium paid by the insured to the insurer; and (4) the assumption of risk by the insurer whereby the insurer agrees to indemnify the insured for potential pecuniary loss to the insured's property resulting from certain specified perils.

505 N.E.2d 1121, 1123-24 (Ill. App. Ct. 1987). Defendant argues that Plaintiff has failed to allege the fourth element of this definition. (Doc. 25, pg. 6). Specifically, Defendant posits that "the assumption of risk required for insurance to exist **only** happens when there is a third party involved in that risk transfer." (Id.) (emphasis added). In support, Defendant cites to *Griffin Systems*, providing that "[i]nsurance policies […] are generally issued by third parties and are based on a theory of distributing a particular risk among many customers." 505 N.E.2d at 1124.

Defendant's position is untenable as its reading of *Griffin Systems* is too broad. If Defendant's position were to be the law, the entire concept of self-insurance would not exist. Additionally, *Griffin Systems* was decided prior to the Illinois Supreme Court's

6

decision in *Outboard Marine Corp., v. Liberty Mutual Ins. Co.*, which provided the definition for insurance as "[a] contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event and is applicable only to some contingency or act to occur in [the] future." 607 N.E.2d 1204, 1210 (Ill. 1992).

Plaintiff's allegations, which the Court must accept as true in consideration of the instant motion, clearly demonstrate a plausible agreement for  insurance. The D&H Fee description in the Rental Agreement provides that Plaintiff will not be liable for any costs for "minor repairs to the rental and the costs associated with the inspection, quality control, and processing of the rental" in exchange for $12.00. It further provides that if "a rental is damaged beyond repair, or a rental is not returned, you will also be charged the full replacement cost of the item(s)." (Doc. 1-2, pg. 23). As such, it is plausible that Defendant is effectively assuming the risk for the contingency that Plaintiff would return a rental that is not damaged beyond repair but still requires costs for "minor repairs[,] the inspection, quality control, and processing of the rental" that exceed $12.00. Accordingly, Defendant's argument that Plaintiff failed to plead that it entered an insurance contract or assumed risk falls flat.

Plaintiff's remaining allegations also demonstrate a plausible case that Defendant committed a deceptive act. They provide that Defendant's (who) description of the D&H Fee on the Rental Agreement (what) made factually inaccurate statements about the fee that did not reflect the alleged true purpose of the charge (how) in November of 2024 (when) at its location in Edwardsville, Illinois (where). (Doc. 1-2, pgs. 5-6); *see Cooks v. Hertz Corp.*, Case No. 3:15-CV-0652-NJR-PMF, 2016 WL 3022403, *5-6 (S.D. Ill. Apr. 29,

2016) (finding allegations of deception sufficient where plaintiff alleged that defendant misrepresented the fee it was charging "because the fees were not used for the stated purpose, but instead were used to gain additional profit"). Plaintiff's Complaint provides the allegations necessary to satisfy the heightened pleading standard of Rule 9(b): in particular, that the D&H Fee exceeded the stated costs as a mechanism to earn additional profit while presenting a lower price. (Doc. 1-2, pg. 15).

Defendant insists that this allegation is insufficient because it is based on "information and belief" and that Plaintiff's Complaint lacks "the grounds for its suspicions." (Doc. 25, pg. 11 (citing *Pirelli*, 631 F.3d at 442)). But Plaintiff's allegations that the Rental Agreement's description of the D&H Fee suggests "that minor repairs must always be made by [Defendant] upon the return of the Item of Formal Wear and that the D&H Fee covers in part 'the cost of' those repairs, when in fact that is not the case[]" provides an adequate basis for the suspicion that Defendant's D&H Fee is not being used for its stated purpose. (Doc. 1-2, pg. 15). Accordingly, Plaintiff's allegations are sufficient to demonstrate that Defendant committed a deceptive act under the statute.

Plaintiff also raises a claim under the ICFA pursuant to an unfair practices theory. As Defendant concedes in its Reply brief, Plaintiff's claim of unfair business practices "duplicates his ICFA deception claim" because it "merely interchanges the word 'unfair' for 'deceptive' throughout his Complaint." (Doc. 29, pgs. 1-2). Defendant raises this point to suggest that Plaintiff's ICFA unfair practices claim is subject to the heightened pleading standard of Rule 9(b), as well. (Id.; Doc. 25, pgs. 4-5 (citing *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436 (7th Cir. 2011); *Camasta*, 761 F.3d

8

at 737 ("Simply adding the language of unfairness instead of misrepresentation does not alter the fact that [plaintiff's] allegations are entirely grounded in fraud under the ICFA.")). Plaintiff disagrees and argues that the general rule described above should apply. (Doc. 28, pg. 4); *see Benson*, 944 F.3d at 646 ("Rule 9(b)'s heightened pleading standard does not apply to an allegation of unfair conduct, because fraud is not a required element under that branch of the statute.").

Regardless of the pleading standard applied, Plaintiff's allegations of unfair practices are sufficient to state a claim under an unfair practices theory. Given that the Court has already found above that the allegations provided in support of Plaintiff's ICFA deception claim meet Rule 9(b)'s heightened pleading standard, and that those substantively identical allegations are provided in support of his unfair practices claim, it follows that Plaintiff's ICFA unfair practices claim is adequately pleaded under the statute. *See Vanzant*, 934 F.3d at 739 (finding it "not necessary to address the adequacy of the allegations under the unfair-practices theory of the case" where the same allegations were found to support "a deceptive-practices claim to the degree of particularity required by Rule 9(b)."). Accordingly, Plaintiff's claim under the ICFA for unfair practices survives.

The Court now directs its attention to the second and fourth elements of an ICFA claim. Defendant argues that Plaintiff has failed to allege facts demonstrating that Defendant intended for Plaintiff to rely on its deceptive and unfair acts and only alleged "bare assertions." (Doc. 25, pgs. 15-16). But Rule 9(b) states that "intent, knowledge, and other conditions of a person's mind may be alleged generally."

Here, Plaintiff provides a clear allegation that Defendant "intended that Plaintiff and the Class rely on the aforesaid [unfair/deceptive] advertising, acts and practices." (Doc. 1-2, pgs. 13, 16). These allegations are supported by the facts alleged earlier in Plaintiff's Complaint, which provide that Defendant presents the Rental Agreement containing the allegedly false description of the D&H Fee to Plaintiff and those similarly situated at or near the end of the rental transaction. (Id., pgs. 2-3); *see Shannon v. Boise Cascade Corp.*, 805 N.E.2d 213, 218 (Ill. 2004) ("It is enough that the statements by the defendant be made with the intention that it reach the plaintiff and influence his action and that it does reach him and that he does rely upon it, to his damage.") (quoting *St. Joseph Hosp. v. Corbetta Const. Co., Inc.*, 316 N.E.2d 51, 72 (Ill. App. Ct. 1972)). By providing Plaintiff with the rental agreement containing the alleged false description of the fee at issue, it is clear Defendant intended for Plaintiff to rely on the language therein. Therefore, Plaintiff's Complaint adequately pleads the intent requirement of his ICFA claims.

Finally, as noted above as the fourth element of a claim under the ICFA, Plaintiff must plead that he suffered actual damages. *Wertymer*, 142 F.4th at 495. "To satisfy the actual damages element, a plaintiff must allege 'actual pecuniary loss.'" *Muir v. Playtex Products, LLC*, 983 F.Supp.2d 980, 990 (N.D. Ill. Nov. 6, 2013) (quoting *Kim's v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)). Here, Plaintiff has met that requirement. Plaintiff's Complaint provides that Plaintiff would have paid less to rent a tuxedo had he "known the truth about the D&H Fee" and its description in the rental agreement been accurate, as Defendant "would have charged less for the D&H Fee to only cover its actual costs."

10

(Doc. 1-2, pgs. 6, 13, 17); *see In re Folgers Coffee*, 2021 WL 7004991, *12 (W.D. Mo. Dec. 28, 2021) (finding ICFA adequately pleaded where plaintiff alleged that she paid "more than the actual value" of the purchase due to defendant's misrepresentations) (citing *Muir*, 983 F.Supp.2d at 990). As such, Plaintiff has adequately pleaded all elements of her claims under the ICFA. Accordingly, Defendant's Motion to Dismiss is denied with respect to Counts I and II of Plaintiff's Complaint.

Plaintiff's claim for unjust enrichment also survives Defendant's motion. In Illinois, "unjust enrichment is not a separate cause of action" and "is tied to the fate of the claim under the" ICFA. *Vanzant*, 934 F.3d at 739-40 (citing *Pirelli*, 631 F.3d at 447; *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011)); *see also Mashallah, Inc. v. West Bend Mutual Ins. Co.*, 20 F.4th 311, 324 (7th Cir. 2021). Because Plaintiff's statutory claims may proceed, so too may his claim for unjust enrichment. *See id.* (reviving unjust enrichment claim where appellate court reversed lower court's dismissal of plaintiff's ICFA claims).

## CONCLUSION

For the reasons provided herein, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 9(b) (Doc. 24) is **DENIED**.

**SO ORDERED.**

Dated: March 16, 2026

_____
DAVID W. DUGAN
United States District Judge

11